UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MIGUEL PERAZA SOSA,              Case No:  14-CV-22004-JLK

      Plaintiff,

vs.

CYPRESS FINANCIAL
RECOVERIES LLC,
ZAKHEIM & LAVRAR PA f/k/a
ZAKHEIM & ASSOCIATES, and
FLYNN LAVRAR, Esq.
Individually,

      Defendants.            /

## DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

Defendants, CYPRESS FINANCIAL RECOVERIES LLC, ZAKHEIM & LAVRAR PA, and FLYNN LAVRAR, hereby respond to the Plaintiff MIGUEL PERAZA SOSA's ("Plaintiff") Motion to Dismiss Without Prejudice [DE 17], and state as follows:

Plaintiff's motion should be denied because the reasons Plaintiff claims that he needs the dismissal without prejudice are insufficient as applied to this action and its current procedural posture.

This action arises from the underlying collection litigation filed by Zakheim & Lavrar on behalf of Cypress Financial in state court.  The state court collection action arises out of a credit card debt owed, which the credit card statements related to such have been sent to Plaintiff for more than 4 years while spending occurred and obligations went unpaid.  The account was acquired by Cypress, and the state court action was commenced thereafter.  As a retaliatory action, Plaintiff sued Defendants in this action for violation of the Fair Debt Collection Practices

Act ("FDCPA") (Count I), the Florida Consumer Collection Practices Act ("FCCPA") (Count II), and the Fair Credit Reporting Act ("FCRA") (Count III) [DE 1].

This Court has already granted Plaintiff's September 25, 2014 motion for extension of time to complete fact discovery [DE 14], and the Court extended the discovery cutoff to December 31, 2014, and continued the trial to the trial period commencing May 18, 2015 [DE 16].  All three Defendants have timely responded to Plaintiff's request for production, requests for admissions, and interrogatories directed to each Defendant.  The account statements and collection correspondence sent to Plaintiff at his address listed in the Complaint in this action have been produced. No motion compel has been filed, and the time to do so has long passed. Plaintiff has not sought to depose any party or other witness.

It was only recently that Plaintiff moved to dismiss the matter without prejudice, and seems to claim that he does not have enough time to conduct discovery - even though all of Plaintiff's discovery has been responded to, and Plaintiff has not sought more.  Additionally, Plaintiff asserts that he may file an additional unspecified claim, but has never moved to amend the operative complaint based upon this reasoning.

Defendants are mindful of the standard announced by the Eleventh Circuit regarding motions for dismissal under Rule 41(a)(2).  This Court is afforded broad discretion to determine whether Plaintiff's motion should be granted under Rule 41(a)(2).  In most instances a dismissal without prejudice should be granted "unless the defendant will suffer clear legal prejudice, *other [than] the mere prospect of a subsequent lawsuit,* as a result." *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir.2001) (quoting *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856–57 (11th Cir.1986)). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case,

Case No: 14-CV-22004-JLK

imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (internal quotation omitted). This Court should keep in mind the interests of the Defendants, since "Rule 41(a)(2) exists chiefly for protection of the defendants." *Fisher v. Puerto Rico Marine Mgmt., Inc.,* 940 F.2d 1502, 1503 (11th Cir.1991). Defendants understand that "the prospect of a second lawsuit on the same set of facts" is not sufficient legal prejudice on its own for the defendant to justify denying a plaintiff's motion to dismiss without prejudice. *See McCants,* 781 F.2d at 859. Nevertheless, even if this Court grants Plaintiff's motion to dismiss without prejudice under Rule 41(a)(2), the Court has broad discretion to determine what terms and conditions, if any, should be imposed as a condition for dismissal. *McCants,* 781 F.2d at 857. Plaintiff should not be allowed to dismiss an action without prejudice under Rule 41(a)(2) "after the defendant has been put to considerable expense in preparing for trial except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants,* 781 F.2d at 860. This Court may require a plaintiff to pay "all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." *Id.; Versa Prods., Inc. v. Home Depot, USA, Inc.,* 387 F.3d 1325, 1328 (11th Cir.2004); *Ortega Trujillo v. Banco Central Del Ecuador,* 379 F.3d 1298, 1300 (11th Cir.2004); *McGregor v. Bd. of Comm'rs of Palm Beach Cnty.,* 956 F.2d 1017, 1021 (11th Cir.1992).

Here, Defendants have expended thousands of dollars in defense of Plaintiff's retaliatory frivolous claims, which Plaintiff has brought in bad faith and for purposes of harassment. Plaintiff does not argue that he should be responsible to pay any of the Defendants' costs of litigation expended to this point. Defendants are prepared to move for an appropriate award of attorney's fees should the court order such, but at this point, Defendants are hesitant to disclose their work product and confidential attorney's fees because this litigation is ongoing.

Nevertheless, there is nothing misleading about lawyers suing on behalf of the assignee creditor for amounts owed by the plaintiff here, and any contention to the contrary is wrong and without evidentiary support. There has not been any FDCPA violation, nor has Plaintiff identified any set of facts that could give rise to such.

Furthermore, Plaintiff's claims under the FCCPA and FCRA would be barred. There is no private right of action for "furnisher liability" under the FCRA, and Plaintiff's FCCPA claims are preempted. The liability of furnishers of information to credit bureaus has been expressly delineated under the FCRA at 15 U.S.C. § 1681s-2. Section 1681t(b) of the FCRA preempts Plaintiff's claim here. Furthermore, various courts within the Eleventh Circuit have consistently held that a claim brought under the FCCPA is preempted by the FCRA "to the extent that the FCCPA claim is premised on credit reporting activity." *See e.g. Lopez v Chase Bank USA, N.A.*, 2014 WL 523475 at *3 (M.D. Fla. 2014); *Lett v Midland Funding LLC*, 2013 WL 6162674 (M.D. Ala. 2013); *Horton v HSBC Bank*, 2013 WL 2452273 at *13, *15 (N.D. Ga. 2013); *Osborne v. Vericrest Fin., Inc.,* 2011 WL 1878227 at *3 (M.D. Fla. 2011); *see also, Bauer v. Target Corp.*, 8:12-CV-978-T-AEP, 2012 WL 4054296 (M.D. Fla. 2012); *Menashi v. Am. Home Mortg. Servicing, Inc.*, 2011 WL 4599816, at *2 (M.D. Fla. Oct.4, 2011); *Allmond v. Bank of America*, 2008 WL 205320, at *7 (M.D. Fla. January 23, 2008) (citing *Knudson v. Wachovia Bank,* 513 F.Supp.2d 1255, 1259 (M.D.Ala.2007)). The FCRA "pre-empts 'all state causes of action against furnishers of credit information' that regulate credit reporting – including a cause of action under state law that is not directed expressly to the regulation of credit regulation of credit information." *Menashi,* 2011 WL 4599816, at *2.

Furthermore, there is no evidence that Defendants knew that the debts at issue were not legitimate, or even that they were disputed at any time relevant to Plaintiff's claims. Therefore,

Plaintiff's claims for alleged violations of Fla. Stat. §§ 559.72(9) also fail because Plaintiff cannot ever establish that Defendant knew the debts were not legitimate or were disputed at any time.

Additionally, Florida's litigation privilege and immunity would also bar Plaintiff's state law claims.

There is also no evidence that would support Plaintiff's FCRA claim.  Even assuming that Defendants Zakheim & Lavrar, or Flynn LaVrar, obtained Plaintiff's "credit report" (which Defendants dispute), such is a permissible purpose in connection with a "review or collection of an account".  *See* 15 U.S.C. § 1681b(a)(3)(A).   Accordingly, Plaintiff's FCRA claim in Count III fails.

The FCRA claim also fails because there is no "furnisher liability" that is actionable under the FCRA.   Nothing supports a claim for furnisher liability under 15 U.S.C. § 1681s–2, and there is no private right of action for the claims alleged.  There is no evidence of a consumer dispute made to a consumer reporting agency that then was sent to Defendant for investigation.  There is no evidence of any failure to investigate any alleged dispute.  There is no evidence of causation of any kind.

Under 15 U.S.C. § 1681s–2(a), persons may not knowingly furnish inaccurate information to a consumer reporting agency, must correct any such furnished information, and must notify a consumer reporting agency when any information is disputed by a consumer. § 1681s–2(a)(1)–(3). Furnishers of consumer credit information must also verify the sufficiency and accuracy of the information **when notified by a consumer reporting agency of a credit-report dispute** (emphasis added). *Id.* § 1681s–2(b); *see also id.* § 1681i(a)(2). Congress, however, expressly reserved enforcement of subsection (a) to governmental agencies and

14996848v1 0961320

officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s–2(b). *Id.* § 1681s–2(c)–(d). There are no allegations of any dispute to the consumer reporting agency, much less notification to Defendant. There is also no record evidence to support Plaintiff's claims. Accordingly, Plaintiff's FCRA claims fail. *See, e.g.*, *Lett v Midland Funding LLC*, 2013 WL 6162674 (M.D. Ala. 2013).

In *Lett*, Judge Thompson recently set forth a cogent analysis of the limited private right of action that can be asserted against furnishers of information under the FCRA. The Court stated:

> The Act generally allows consumers to bring private lawsuits to enforce its terms. §§1681n & 1681o. However, there is an exception for information providers. A consumer cannot bring a private lawsuit to enforce the information provider's general duties, such as to report information accurately and to correct errors that come to its attention. §1681s–2(c). Those violations can be enforced only by federal or state regulators. § 1681s.
>
> But the statute does allow a consumer to sue an information provider in one circumstance: If a consumer has pointed out a mistake to the consumer reporting agency and if the information provider fails to investigate or correct the information, the consumer then has a right to sue. *See* § 1681s–2(b); *Yelder v. Credit Bureau of Montgomery,* 131 F.Supp.2d 1275, 1288–89 (M.D.Ala.2001)(Albritton, C.J.).
>
> In other words, the Act gives information providers, like Midland, a first chance to correct any mistakes before the consumer is allowed to file a lawsuit. First, the consumer must contact the consumer reporting agency to dispute the information. At that point, both the consumer reporting agency and the information provider must investigate the dispute and must correct any mistakes. If the consumer reporting agency and the information provider do not investigate and correct any mistakes at that point, then the consumer is allowed to sue them for any damages which occur because of their failure to investigate and correct. (Contacting the information provider directly is not enough for a consumer to be permitted to sue. The Act allows a consumer to sue only after he has gone through the specific process described in § 1681i, namely, first contacting the consumer reporting agency to dispute the information. *Green v. RBS Nat. Bank*, 288 Fed. Appx. 641, 642 (11th Cir.2008).)

Case No: 14-CV-22004-JLK

Here, there is no evidence that there was a dispute made to a consumer reporting agency. There is no evidence that a consumer reporting agency notified Defendants of a dispute. There is no evidence Defendants thereafter failed to investigate in §1681i. Accordingly, Plaintiff's FCRA claim fails. *Lett*; *Pieta v USAA Group*, 2013 WL 3810891 (N.D. Fla. 2013)(citing *Peart v. Shippie,*345 F. App'x 384, 386 (11th Cir.2009)(unpublished); *Green v. RBS Nat'l Bank,* 288 F. App'x 641, 642 (11th Cir.2008) (unpublished); *Carruthers v. Am. Honda Fin. Corp.,* 717 F.Supp.2d 1251, 1253 (N.D. Fla.2010); *Sanders v. Mountain Am. Fed. Credit Union,* 689 F.3d 1138, 1147 (10th Cir.2012) (unpublished); *Chiang v. Verizon New England, Inc.,* 595 F.3d 26, 36 (1st Cir.2010); *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1059–60 (9th Cir.2002); *Pelcher v. City of Miami,* 2013 WL 2107178, at *2 (S.D. Fla. 2013); *Cisneros v. Trans Union, LLC,* 293 F.Supp.1167 (D. Haw. 2003); *Carlson v. Trans Union LLC,* 259 F.Supp.2d 517, 519 (N.D. Tex.2003); *Riley v. GM Acceptance Corp.,* 226 F.Supp.2d 1316, 1319 (S.D. Ala.2002)).

The reality of all of this is that Plaintiff moved this court for a dismissal without prejudice in order to avoid judgment in favor of Defendants, including the award of substantial attorney's fees. Here, Defendants have had to respond to all of Plaintiffs' discovery, and respond to all of Plaintiffs threatening correspondence, including settlement demands designed to simply harass the Defendants without legal or factual basis for the claims. Defendants have incurred substantial attorney's fees that they will seek to tax against Plaintiff. Defendants have prepared their claims to be resolved via summary judgment at the close of discovery, or via trial, if necessary. Defendants will be prejudiced by dismissal of Plaintiff's claims without prejudice only to be possibly reasserted later. At the very least, if this Court is inclined to grant Plaintiff's

Case No: 14-CV-22004-JLK

motion, it should conditioned upon the payment of attorney's fees incurred by Defendants, which Defendants are prepared to substantiate if this Court requires such at a later date.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's motion to dismiss without prejudice, or at the very least, condition dismissal upon the payment to Defendants of their reasonable attorney's fees and costs, pursuant to this Court's authority and discretion pursuant to the Eleventh Circuit authorities cited above, as well as pursuant to 15 U.S.C. §§ 1681n, 1681o, 1692k, 28 U.S.C. §§ 1920, 1927, and Fla. Stat. §§ 559.77, and to award any other relief in favor of Defendants this Court deems just and appropriate.

> Respectfully submitted,
>
> *s/David P. Hartnett*
> David P. Hartnett
> Florida Bar No. 946631
> dhartnett@hinshawlaw.com
> HINSHAW & CULBERTSON LLP
> 2525 Ponce de Leon Boulevard
> 4th Floor
> Coral Gables, FL 33134
> Telephone: 305-358-7747
> Facsimile: 305-577-1063
> Attorneys for Defendants CYPRESS FINANCIAL RECOVERIES LLC, ZAKHEIM & LAVRAR, P.A. and FLYNN LAVRAR

14996848v1 0961320

Case No: 14-CV-22004-JLK

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing, and a copy has been sent via U.S. Mail to the following:

MIGUEL PERAZA SOSA (pro se)
701 E 52 ST.
HIALEAH FL 33013

*s/David P. Hartnett*
David P. Hartnett